IN THE MATTER OF THE ACCOUNTING OF CHARLES M. PRESTON, AS ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF WILLIAM B. FITCH.

*Mortgage given by the maker of certain notes to secure them — pro rata application of the proceeds thereof, notwithstanding that the mortgage is given to an assignee whose assignor (the indorser of the notes) preferred the holder of certain of the notes.*

Prior to November, 1884, one Adele Anderson had given to William B. Fitch, the assignor of Charles M. Preston, several promissory notes in payment for goods sold, amounting to over $13,000. At the time of the general assignment to Preston, which was made in that month, one of the notes, of the amount of $1,169, remained in Fitch's hands and passed to the assignee, the others had previously been discounted by banks and were held by them with Fitch's indorsement, as follows : By the National Bank of Rondout, to the sum of $4,194; by the National City Bank of Brooklyn, to the sum of $1,200, and by the State of New York National Bank of Kingston, to the sum of $5,861. By the assignment, after preferring wages of employees, the assignor Fitch preferred the notes held by the National Bank of Rondout, on which he was liable as indorser or otherwise.

A few days after the execution of the assignment a mortgage was executed by Adele Anderson to Preston, as assignee of the estate of Fitch, in pursuance of a prior understanding between Fitch and her that she was to secure these notes, on property valued at $8,000, which recited that Adele Anderson was indebted to the estate of Fitch in the sum of $8,000, which sum was inserted because that was considered all that the property was worth. The notes were spoken of when the mortgage was given, and there was no indebtedness of Adele Anderson to Fitch other than these notes.

Upon the foreclosure of the mortgage by Preston, the assignee, the net proceeds realized were $4,284.46, of which sum he applied $1,169 to the discharge of that note which Fitch had at the time of the assignment, and this application was approved by the court and he was directed to apply the residue, as far as it would go, to the payment of those notes of Adele Anderson which were held by the National Bank of Rondout. Upon an appeal from this order of the court:

*Held*, that as Adele Anderson gave this mortgage to secure all the notes which she had given to Fitch, and intended to apply its avails to the payment of all these notes, it was the right of each holder of these notes to share, *pro rata*, in the avails, and that none of the several holders of these notes had a right to take more than his *pro rata* share of the net avails.

That the previous assignment of Fitch, by which, as to his own property, he preferred the National Bank of Rondout, did not affect Adele Anderson's mortgage.

That it was not material, to the proper disposal of the case, that the mortgage was in form to Preston, the assignee, as it was given to secure the notes and Preston could not properly apply the proceeds in any other manner.

That the decree should be modified so that Preston, the assignee, should retain only his *pro rata* share of the avails of the mortgage, and should distribute all of the said avails of the mortgage *pro rata* among all of the Anderson notes without regard to the preferences made by Fitch in his assignment.

APPEAL by the State of New York National Bank from a decree made in this proceeding at the Ulster Special Term, which was entered in the office of the Ulster county clerk on the 11th day of June, 1889.

One William B. Fitch made a general assignment to Charles M. Preston in November, 1884  Before that time Mrs. Adele Anderson had given Fitch several promissory notes in payment for goods sold amounting to over $13,000.   One of these notes of the amount of $1,169 remained in his hands at the time of the assignment. The others had, previously to the assignment, been discounted by banks,  and were held by them, with Fitch's indorsement, amounting as follows: By National Bank, of Rondout, $4,194; by National City Bank, of Brooklyn, $1,200; by State of New York National Bank, of Kingston, $5,861.   Fitch's assignment, after preferring wages due to employees, preferred notes held by the National Bank of Rondout, on whch he was liable as indorser  or  otherwise. A few days after the execution of the assignment, Fitch procured from Mrs. Anderson a mortgage on real estate.   It was given to Preston, assignee of the estate of Fitch.   It recited that Mrs. Anderson was indebted to the estate of Fitch in the sum of $8,000, and was conditioned to pay that sum February 2, 1885.   This mortgage was given to secure the aforesaid notes, amounting to over $13,000. It was made for $8,000 because that was all that the property was worth.  The mortgage was given in pursuance of a prior understanding between Fitch and Mrs. Anderson that she was to secure these notes on that property.   At the time the mortgage was given Mrs. Anderson did not know by whom the notes were held but supposed they were held by Fitch.   The notes were spoken of when the mortgage was given and there was no other indebtedness of Mrs. Anderson to Fitch than these notes.   Preston, the assignee, subsequently foreclosed the mortgage and obtained $4,284.46, as the net proceeds.   Of that sum he applied $1,169 to the discharge of that note of Mrs. Anderson, which Fitch had at the time of the assignment, and which passed to the assignee.   On the accounting

this application was approved by the court, and he was directed to apply the residue, so far at it would go, to the payment of those notes of Mrs. Anderson, which were held by the National Bank of Rondout, the first preferred creditor of Fitch. The State of New York National Bank, of Kingston, a creditor in a subsequent class, appeals.

*F. L. Westbrook*, for the State of New York Bank, appellant.

*Howard Chipp*, for the assignee, respondent.

*J. N. Fiero*, for the other preferred creditors, respondents.

LEARNED, P. J. :

There can be no question that Mrs. Anderson gave this mortgage to secure all the notes which she had given to Fitch. Such is the testimony of Fitch and such is the evident meaning of the transac_tion. She had no intention to secure one rather than another of all these notes. And the reason why the mortgage was not made for the whole amount of the notes was explained to be because the property was not worth more than $8,000.

The property was hers and she had a right to apply it as she choose. She did apply it to the payment of all these notes. Therefore, it was the right of each holder of these notes to share *pro rata* in the avails. No one of these several holders of these notes had a right to take more than his *pro rata* share of the net avails. Mrs. Anderson was the debtor and she had a right to secure one debt, or all, as she might prefer. There is not any evidence that she desired to prefer one above another. Indeed, she supposed that all the notes belonged to Fitch. Her appropriation, therefore, of her own property settled the rights of her several creditors. And each became at once entitled to share *pro rata* in the proceeds. The previous assignment of Fitch, by which, as to his own property, he preferred the National Bank of Rondout, did not affect Mrs. Anderson's mortgage. Fitch had no right to control Mrs. Anderson's property ; and he did not attempt to control her property. For when he made the assignment the mortgage had not been executed. It is suggested that there had been a previous understanding that she would secure these notes (that is, all of them) on this subsequently mortgaged property. If this gave Fitch any equity, such equity would equitably pass to the several owners of the notes

to whom he had transferred them. It is not material to the proper disposal of this case that the mortgage was in form to Preston, assignee. It was given to secure these notes, and Preston cannot be permitted to apply the proceeds in any other way than as the mortgagor determined. It is fully in the power of the court, under the statute, to make a proper and just disposition, and to cause these net avails to be applied *pro rata* among all who are entitled. All the persons entitled to share are before the court, and the person in possession of the property is here also.

The respondents urge that if Preston took the property as assignee, then he should distribute it according to the preferences of the assignment; that if it took it in any other capacity it cannot be brought into this accounting. But this is not sound. As assignee Preston is entitled to the *pro rata* share belonging to the note which was in Fitch's possession when he assigned. But the mortgage belonged in equity to all the holders of the notes *pro rata*. And as he is in possession of the avails the court can, under the equity powers given by the statute, prevent the assignee from misappropriating to the use of the assignment property which is not subject thereto. It is a settled rule that the debt is the principal and the security is the collateral. The debts in this case consist of the several notes, and of all of them. The mortgage is but the collateral. The holders of the notes are the equitable holders of the collateral. And the person who has possession of the avails of the collateral must distribute those avails among all the holders of the notes in proportion to their claims. The decree appealed from must be modified so that Preston, the assignee, shall retain only his *pro rata* share of the avails of the mortgage, and shall distribute all of the said avails *pro rata* among all of the Anderson notes, without regard to the preferences of the assignment.

The appellants are entitled to costs of their appeal against the respondents, except assignee.

PUTNAM and FISH, JJ., concurred.

Decree modified so that Preston, assignee, shall retain only his *pro rata* share of the avails of the mortgage, and shall distribute all of said avails *pro rata* among the Anderson notes, without regard to preferences of the assignment. Appellants to have costs of appeal against respondents, except the assignee.